IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MONITRONICS INTERNATIONAL, INC., § § § Movant, § § v. § § ADT LLC, § § § Respondent. § | Miscellaneous Action No. 16-mc-00017-NYW (Related Case No. 9:14-cv-81589, pending in U.S. District Court, Southern District of Florida) |

## AGREED PROTECTIVE ORDER

Comes now for consideration the Agreed Protective Order ("Order") between Movant, Monitronics International, Inc. ("Monitronics") and Respondent ADT LLC ("ADT") (Monitronics and ADT are collectively referred to herein as the "Parties"). ADT brought suit in the United States District Court for the Southern District of Florida against Teamtronics, Inc. ("Teamtronics"), Alarm Direct Incorporated ("Alarm Direct"), A+ Securitiy Inc. ("A+ Security"), Tommy Nguyen ("Nguyen"), Dino Geracci ("Geracci"), Advanced Design Technology Systems, Inc. ("ADTS"), Total Connect Solutions, LLC ("Total Connect") and Kevin Stephens ("Stephens"), Case No. 9:14-cv-81589 (the "Florida Proceeding") pursuant to which a third party subpoena was served on Movant Monitronics (the "Subpoena"). The Subpoena requires compliance by Monitronics in this Court, therefore, pursuant to FRCP 45(d), jurisdiction and venue properly rest in this Court. The Court finds that certain information, documents, and things to be produced in discovery pursuant to that subpoena should be kept confidential in order to protect Monitronics' legitimate business interests

and privacy rights, and those of third-parties and the Court is therefore of the opinion that the following Order should be entered:

NOW, THEREFORE, IT IS HEREBY ORDERED that all Confidential Information shall be treated as follows:

1. "Good cause" is shown for the need of this Order in that the subject matter of the documents to be disclosed pursuant to the Subpoena involves customer lists, trade secrets, proprietary and other confidential material of Monitronics. To protect the customer lists, trade secrets, proprietary and Confidential Information (as defined herein) of Monitronics, this Order is required.

1. "Confidential Information" shall mean any and all information ~~disclosed which Monitronics contends should be protected from disclosure pursuant to this Order~~ <u>that is designated by Monitronics, after good faith review and certification by counsel of record, as information that is maintained confidentially and is not publicly available, such as: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets (*i.e.*, any formula, pattern, device or compilation of information which is used in one's business, and which gives an opportunity to obtain an advantage over competitors who do not know or use such material); (c) research, technical, commercial or financial information that the party has maintained as confidential; and (d) competitive information that is maintained confidentially, such as customer lists and confidential contracts. Information or documents that are available to the public may not be designated as Confidential Information</u>.

2. "Attorneys' Eyes Only Documents" shall mean any confidential document, material or thing produced by Monitronics which it contends contains Confidential Information of a nature requiring extraordinary protection and which Monitronics believes should not be in the physical

AGREED PROTECTIVE ORDER – PAGE 2

possession of an opposing party to this action or the Florida Proceeding. Monitronics may designate sensitive documents "Attorneys' Eyes Only" <u>containing Confidential Information as defined above,</u> in the reasonable exercise of its ~~sole~~ discretion; provided, however, by agreeing to this Order, no party waives the right to challenge Monitronics' designation of any documents as "Attorneys' Eyes Only."

3. As used in this Order, "Legend" shall mean a large, bold stamped or similar insignia stating "ATTORNEYS' EYES ONLY." When any document is designated "Attorneys' Eyes Only" pursuant to this Order, the Legend shall be affixed to the cover of such document and all pages containing information for which the Producing Party seeks protection. Any documents produced by Monitronics as an Excel spreadsheet may be designated as "Attorneys' Eyes Only" by including "ATTORNEYS' EYES ONLY" in the electronic file name of the Excel spreadsheet.

4. Monitronics may designate any document or portion thereof "ATTORNEYS' EYES ONLY" pursuant to this Order by affixing the Legend as provided under Paragraph 4 to any appropriate document.

5. Attorneys' Eyes Only Documents, and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court in this action or the Court in the Florida Proceeding ~~under seal~~ <u>pursuant to the Rules that govern the restriction of documents, including but not limited to D.C.COLO.LCiv 7.2</u> and/or to: (a) litigation counsel of record for the parties to this action and the Florida proceeding and such counsel's employees, paralegals, or other secretarial and clerical employees and agents; (b) persons who prepared or assisted in the preparation of such documents or material, or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of litigation; (c) outside independent

AGREED PROTECTIVE ORDER – PAGE 3

economic, technical, accounting, legal and jury consultants retained by counsel for the receiving party for assistance in the preparation, prosecution, or trial of the Florida proceeding; (d) any ADT information technology employees who are necessary to compare any Monitronics customer lists with ADT customer lists; and (e) stenographic reporters who are involved in depositions, the trial, or any hearings or proceedings before the court in the Florida Proceeding. Attorneys' Eyes Only Documents may be disclosed to the authorized persons listed in (a) – (e) only after such persons have been shown a copy of this Order and have been advised of the terms and operation of this Order, and agree to be bound by the terms of this Order in the form attached hereto as Exhibit A. However, Monitronics may disclose such Attorneys' Eyes Only Documents to any person(s), with or without any conditions to such disclosure, as it deems appropriate. <u>Nothing in this Order will be construed as an Order by this court to require restriction of any information or document.</u>

6. Attorneys' Eyes Only Documents revealed during a deposition, if designation of a transcript or any portion thereof, including exhibits, is made by a statement by the witness or his counsel to that effect on the record, or is otherwise made before the stenographer transcribing such deposition has disseminated to counsel for the parties the transcript of the deposition, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript and to each copy thereof.

7. All copies of any Attorneys' Eyes Only Documents shall be treated as provided in this Order. Any person making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order.

8. The provisions of this Order, insofar as they restrict the disclosure and use of Attorneys' Eyes Only Documents, shall have a continuing effect after the conclusion of this action. If any party has cause to believe that a violation of this Order has occurred or is about to occur, the

party may petition this Court for appropriate relief.

9. Nothing contained in this Order shall preclude any party from using its own documents in any manner it sees fit, or from revealing its own documents to whomsoever it chooses, without the prior consent of any other Party or the Court. Nothing in this Protective Order shall be construed as a judicial finding that any designated Attorneys' Eyes Only Documents constitute or contain proprietary or Confidential Information or trade secrets. The provisions of this Protective Order shall not apply to Attorneys' Eyes Only Documents obtained by any party from another source authorized to make such disclosure without restriction (1) so long as such information or documents have been developed independently of and without reference to any of the Attorneys' Eyes Only Documents that Monitronics has disclosed in confidence to any third party, (2) so long as such information and documents have not been obtained in violation of any of the terms of this Protective Order, and (3) so long as such information or documents are not subject to the protections of a separate protective order or other obligation of confidentiality.

10. The Parties understand and agree that this Order shall not in any way constitute a waiver of the rights of any Party to raise or assert any objections, including, but not limited to, defenses or objections with respect to the production, use, relevance, or admissibility at trial of any evidence furnished pursuant to this Order.

11. The termination of proceedings in this action or the Florida Proceeding shall not relieve the parties hereto from the obligation of maintaining the confidentiality of all documents and information produced and designated pursuant to this Order, unless the Court orders or permits otherwise. Upon the final disposition of the Florida Proceeding, including appeal, the attorneys for the parties shall within thirty (30) days return to Monitronics or destroy all documents designated by Monitronics as "Attorneys' Eyes Only" and all copies thereof, and shall destroy all extracts, excerpts,

AGREED PROTECTIVE ORDER

and summaries of data from such documents, except that trial counsel for each party may retain one copy of each pleading, motion, or other paper filed with the Court, for record purposes only.

SIGNED this 3d day of ~~January~~ February, 2016.

                                          s/ Nina Y. Wang
                                          ~~PRESIDING JUDGE~~
                                          Nina Y. Wang
                                          United States Magistrate Judge

**APPROVED AS TO FORM AND SUBSTANCE**:

By: /s/ Margaret J. Carlson
Margaret J. Carlson
Culp & Dyer, L.L.P.
222 E. McKinney St., Suite 210
Denton, TX 76201
Telephone: (940) 484-2236
Facsimile: (940) 484-4436
E-mail: pcarlson@culpdyer.com
Attorneys for Movant

By: /s/ Kali Backer
Kali R. Backer
Shook, Hardy & Bacon L.L.P.
1660 17th Street, Suite 450
Denver, CO 80202
Telephone: (303) 285-5303
Facsimile: (303) 285-5301
E-mail: kbacker@shb.com
Attorney for Respondent

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MONITRONICS INTERNATIONAL, INC., | § § § |
| Movant, | § § § |
| v. | §  Miscellaneous Action No. _____ |
| ADT LLC, | § § (Related Case No. 9:14-cv-81589, pending § in U.S. District Court, Southern District |
| Respondent. | § of Florida) |

## **CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned individual who is trial counsel or who has been designated, retained, or specially employed by trial counsel_____, acknowledges that he/she has read and understood the terms of the Agreed Protective Order, a copy of which has been provided to the undersigned, and further agrees to be bound by those terms and consents to the jurisdiction of the Court with respect to enforcement of the Protective Order.

DATED: this _____ day of _____, _____.

_____
Signature

_____
Printed Name

_____

_____
Address